UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HELEN JONES, widow of C. RANDELL JONES, JR.**                    **PLAINTIFF**

V.                               CIVIL ACTION NO.1:06CV734 LTS-RHW

**MISSISSIPPI FARM BUREAU MUTUAL INS. CO.;**
**FIDELITY NATIONAL INSURANCE COMPANY;**
**ROSS-KING-WALKER, a division of Hancock**
**Insurance, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [21] of Plaintiff Helen Jones (Jones) to remand. The state court complaint alleges the following material facts:

On or about April 25, 2004, Jones purchased a flood insurance policy from Defendant Fidelity National Insurance Company (Fidelity). Ross-King-Walker (RKW), a local agent for Fidelity sold this policy to Jones. This policy expired before Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005. (Complaint Paragraph 14)

Jones alleges that Fidelity and RKW negligently failed to timely notify her of the expiration of this policy. Jones alleges that these defendants' actions were "contrary to National Flood Insurance Program regulations." (Complaint Paragraph 15)

Plaintiff asserts that the facts set out above give rise to a cause of action against Fidelity and RKW for negligence, indeed for gross negligence, and plaintiff seeks compensation for the harm proximately caused by this alleged misconduct. (Complaint Paragraph 16)

This case was removed from the Circuit Court of Harrison County, Mississippi. The grounds for removal was Fidelity's assertion of federal question jurisdiction under the National Flood Insurance Act. Fidelity contends that the plaintiff's claim necessarily requires an interpretation of the terms of the federal regulations that govern the flood insurance policy that lapsed, and that this is a domain of exclusive federal jurisdiction under 42 U.S.C. §4072.

As I appreciate the allegations of the complaint, plaintiff contends that Fidelity (and/or RKW) was negligent in handling of the renewal of an existing policy of flood insurance. As a result of this alleged negligence, the policy was allowed to lapse, and the plaintiff therefore had no coverage for her flood losses during Hurricane Katrina.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge).

The private insurance companies that are authorized to sell and adjust flood insurance policies under the National Flood Insurance Program (known as "Write Your Own" or "WYO" insurers) are not authorized to amend or change the provisions of the flood policies they sell and adjust. Nor may a WYO company alter the requirements for renewal or cancellation. WYO companies, including in this case Fidelity, defend against claims under the flood policies they sell, but the United States of America, acting through the Federal Emergency Management Agency, reimburses them for defense costs and claims payments. Thus, the WYO insurers are fiscal agents of the United States of America. 42 U.S.C. §4071(a)(1)

Deciding the merits of this cause of action will inevitably require that the terms of the plaintiff's flood policy and the regulatory requirements for the renewal of that policy be interpreted and applied to the facts of this case. This interpretation issue is a matter of exclusive federal court jurisdiction under 42 U.S.C. §4072.

In these circumstances, I find that this Court has subject matter jurisdiction under 28 U.S.C. §1331, and I find that this Court has pendent jurisdiction over the plaintiff's negligence claim against the other defendants.

Accordingly, I will deny the plaintiff's motion to remand. An appropriate order will be entered.

**DECIDED** this 21st day of May, 2007.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE