UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HELEN JONES**                                                                                                  **PLAINTIFF**

V.                                                             **CIVIL ACTION NO.1:06CV734 LTS-RHW**

**MISSISSIPPI FARM BUREAU MUTUAL INS. CO.;**
**FIDELITY NATIONAL INSURANCE COMPANY;**
**ROSS-KING-WALKER, a division of Hancock**
**Insurance, ET AL.**                                                            **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [46] of Defendant Fidelity National Insurance Company (Fidelity) to dismiss the plaintiff's claims for extra-contractual damages. Plaintiff has reached a settlement with Farm Bureau Insurance Company (Farm Bureau) of her claims under its homeowners policy, and she has voluntarily dismissed Farm Bureau from this action. Only two named defendants remain: Fidelity and Ross-King-Walker, a division of Hancock Insurance Agency (RKW). The state court complaint alleges the following material facts concerning these remaining defendants:

On or about April 25, 2004, Jones purchased a flood insurance policy from Fidelity. RKW, a local agent for Fidelity, sold this flood policy to Jones. This policy expired before Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005. (Complaint Paragraph 14)

Jones alleges that Fidelity and RKW negligently failed to timely notify her of the expiration of the flood insurance policy and thereby allowed the policy to lapse. (Complaint Paragraph 15) Jones also alleges that Fidelity and RKW unreasonably delayed in "providing the correct premium rate for the [plaintiff's insured] property." (Complaint Paragraph 16) Jones alleges that these defendants' actions were "contrary to National Flood Insurance Program regulations." (Complaint Paragraph 15)

Plaintiff asserts that the facts set out above give rise to a cause of action against Fidelity and RKW for negligence, indeed for gross negligence, and plaintiff seeks compensation for the harm proximately caused by this alleged misconduct. (Complaint Paragraph 16) Because the plaintiff originally sued Farm Bureau, the company that issued her homeowners policy, I infer that her prayer for policy benefits in Paragraph 21(B) of the complaint refers to her Farm Bureau homeowners policy. Plaintiff does not specifically allege a right to benefits under the flood insurance policy, and she makes no assertion that the policy should be reinstated. Plaintiff seeks an award of actual and punitive damages, attorneys' fees, pre-judgment interest, post-judgment interest, and compensation for "Emotional Distress and Mental Anxiety." (Complaint Paragraph 21)

Plaintiff's claims against the remaining defendants all relate to the administration of the flood insurance policy the plaintiff allegedly purchased an April 25, 2004. The plaintiff asserts that the defendants failed to follow the federal regulations governing renewal notification for her flood policy. For this reason, the Court has subject matter jurisdiction of this case under 42 U.S.C. §4072. *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005). With respect to the flood policy, any state law claims related to the administration of that policy are preempted by federal law. *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, _____ F.3d _____, 2007 WL 2636725 (5th Cir. 2007); *Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005); *Bianchi v. State Farm Fire and Cas. Co.*, 120 F.Supp.2d 837 (N.D.Cal. 2000); *Drewett v. Aetna Cas. and Sur. Co.*, 405 F.Supp. 877 (D.C.La.1975). This preemption includes the plaintiff's common law claim for attorneys' fees.

In *Estate of Lee v. National Flood Insurance Program*, 812 F.2d 253 (5th Cir.1987) the court found that the Equal Access to Justice Act, 42 U.S.C. §2412, provides a basis for the recovery of attorneys' fees against the United States (and its agents) in certain circumstances. I do not know whether this statute is applicable in the circumstances of this case, and that issue is not directly before me at this time. While the United States is not a party to this action, the defendants have the status of fiscal agents of the United States. Therefore my dismissal of the plaintiff's claim for attorneys fees will be without prejudice to her right to seek attorneys' fees in accordance with this statute if she is the prevailing party in this action and if she believes in good faith that her claim meets the requirements of this Act.

As I appreciate the allegations of the complaint, plaintiff contends that Fidelity (and/or RKW) was negligent in handling the renewal of her existing policy of flood insurance, the policy she alleges that she purchased on April 25, 2004, and this negligence consisted of the defendants' failure to timely and properly notify the plaintiff that the payment of the renewal premium was due. As a result of this alleged negligence, plaintiff asserts that this flood policy was allowed to lapse, and the plaintiff therefore had no coverage for her flood losses during Hurricane Katrina. This claim is governed by federal law. *Wright v. Allstate Ins. Co.*, 415 F.3d 943 (5th Cir. 2005).

With respect to the governing law, 44 C.F.R. Pt. 61, App. A(1), art. IX states:

*IX. What Law Governs*

*This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.) and Federal common law.*

With respect to the renewal of a flood policy, 44 C.F.R. Pt.61, app. A(1), art. VII(H) states:

*H. Policy Renewal*

1. *This policy will expire at 12:01 a.m. on the last day of the policy term.*
2. *We must receive the payment of the appropriate renewal premium within 30 days of the expiration date.*
3. *If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete, or illegible address, which delayed its delivery to you before the due date for the renewal premium, then we will follow these procedures:*
   a. *If you or your agent notified us, not later than one year after the date on which the payment of the renewal premium was due, of non-receipt of a renewal notice before the due date for the renewal premium, and we determine that the circumstances in the preceding paragraph apply, we will mail a second bill providing a revised due date, which will be 30 days after the date on which the bill is mailed.*
   b. *If we do not receive the premium requested in the second bill by the revised due date, then we will not renew the policy. In that case, the policy will remain an expired policy as of the expiration date shown on the Declarations Page.*
4. *In connection with the renewal of this policy, we may ask you during the policy term to recertify, on a Recertification Questionnaire we will provide to you, the rating information used to rate your most recent application for or renewal of insurance.*

These rules apply to the renewal of the flood policy the plaintiff purchased on April 25, 2004. The private insurance companies authorized to sell and adjust flood insurance policies under the National Flood Insurance Program (known as "Write Your Own" or "WYO" insurers) are not authorized to amend or change the provisions of the flood policies they sell and adjust. Nor may a WYO company alter the requirements for renewal or cancellation. WYO companies adjust claims under the flood policies they sell, but the United States of America, acting through the Federal Emergency Management Agency, reimburses them for defense costs and claims payments. Thus, the WYO insurers are fiscal agents of the United States of America. *Newman v. Allstate Insurance Co.*, 2006 WL 2632116 (E.D.La.); 42 U.S.C. §4071(a)(1), and neither of the defendants could lawfully alter, waive, or amend these terms concerning policy renewal. 65 Fed. Reg. 60758-01 provides, in relevant part:

*Exclusive Federal Jurisdiction and Applicable Law*

*Standard Flood Insurance Policies are sold by a number of private Write Your Own (WYO) insurance companies and directly to the public by the Federal Insurance Administration. Because the National Flood Insurance Program is national in scope and accomplishes a number of programmatic missions in addition to making affordable flood insurance generally available to the public, the SFIP [Standard Flood Insurance Policy] provides that its terms cannot be*

*altered, varied or waived except by the written authority of the Federal Insurance Administrator.*

I cannot determine from the record before me the effective date of this policy, its expiration date, or what impropriety the plaintiff claims to have occurred with respect to the renewal notice for this policy.  If the defendants followed the requirements of the regulations concerning renewal notification and the plaintiff did not take the steps necessary to renew her flood policy, the lapse of the policy would not be the result of negligence on the part of either of the defendants.  The regulations must be followed, but the law does not require (and arguably does not permit) Fidelity and RKW to do more than adhere to the requirements of the regulations.

Plaintiff has characterized her cause of action as a state-law claim for failure to procure flood insurance.  This type of claim does not state a federal cause of action, and such a failure to procure claim is not preempted by the National Flood Insurance Act (NFIA).  *Waltrip v. Brooks Agency, Inc.*, 417 F.Supp.2d 770 (E.D.Va. 2006)*; Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324 (D.N.M. 2005)*; Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D. La.)  But the allegations of the complaint assert that her claim is for non-renewal of an existing flood policy, and these allegations state a cause of action that does arise under federal law, specifically under the National Flood Insurance Act, 42 U.S.C. §4001, et seq., and the governing regulations*.  Williams v. State Farm Ins. Co.*, 2007 WL 1029477 (E.D. La.). *Newman v. Allstate Insurance Co.*, 2006 WL 2632116 (E.D. La.)  The NFIA preempts state law claims related to the administration of an existing flood policy, and the  NFIA does not provide for the recovery of any damages other that flood insurance benefits in the event a claimant proves a right of recovery under the regulations.  *Wright v. Allstate Ins. Co.*, _____ F.3d _____, 2007 WL 2636725 (5th Cir. 2007).

Accordingly, the defendants' motion [46] to dismiss the plaintiff's claim for extra-contractual damages will be granted.  An appropriate order will be entered.

**DECIDED** this 10th day of October, 2007.

             s/ L. T. Senter, Jr.
             L. T. SENTER, JR.
             SENIOR JUDGE